Mr. Chief Justice Cartter
delivered the opinion of the court.
Preliminary to the decision in this case, we make the suggestion that this application for mandamus is not made against the right party. My recollection is that the Secretary of the Interior is the officer of the Government who issues letters-patent, and that we had occasion some time ago to dismiss an application for a mandamus for the reason that the relator had misconceived the party to be proceeded against, and if no other reason existed for a dismissal of the petition in this case, want of the proper parties might be sufficient. That question, however, was not presented, nor *15 has it been particularly considered by us.; Our conclusion is predicated upon the substance of the petition, and our enquiry has been whether we could grant th'e relief even if the proper party was before us; and that inquiry has brought us to a consideration of the force and effect of a rule of the Patent Office. Congress, in creating the Patent Office, has by express legislation given that office the power to enact rules for its conduct. Those rules, if they are within the powers of the Office, are just as authoritative as the laws of Congress itself, if within the limitations of its powers. If, therefore, Rule 39 of the Patent Office is a reasonable one, the Commissioner of Patents has only exercised a power vested in him by law.
The language of Rule 39 is as follows:
“ In every original application the applicant must distinctly state, under oath, whether the invention has been patented to himself or to others with his consent or knowledge in any country, and if it has been, the country or countries in which it has been so patented, giving the date and number of each patent, and that it has not been patented in any other country or countries than those mentioned, and that, according to his knowledge and belief, the same has not been in public use in the United States for more than two years prior to the application in this CQuntry.”
We see nothing unreasonable about this rule. On the contrary, we think it a very reasonable one. The applicant is merely required to make oath in reference to a matter of which he of all persons ought to be best informed.
Section 4887 of the Revised Statutes of the United States, regulating the issuing of patents, provides:
“No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application. But- every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same *16 time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more .than seventeen years.”
All that the Commissioner of Patents has required of these applicants is, that in view of the provisions of this law they shall state under oath what patents they have obtained in foreign countries. This the applicants have refused to do, and the reason disclosed in their argument here is that one of these patents hás but three years more to run in that country. Now the natural life of a patent originally obtained in the United States is seventeen years, but if the applicant’s invention has been previously patented in Europe, then a patent can only issue in the United States for a period limited to expire with that one of the foreign patents which shall first expire. The reason given by the applicants for their non-compliance with the rule is, that the only power of the Commissioner is to issue a seventeen years’ patent, and they argue that the clause of the statute providing for a seventeen years’ term for the first inventor of any new and useful article, being inconsistent with the provisions in regard to patents obtained in foreign countries, consequently overrules it.
As the provision, however, in regard to letters-patent issuing for a term of seventeen years applies only to patents first obtained in this country, the point made by the applicants is without force.
It is a -well-known rule in the construction of statutes in pari materia that they are a.11 to be kept alike in view, and construed in the light of each other, and their effect to be considered under such construction. Applying this rule in the reading of these statutes, we find the law declaring that an inventor t.aking out a patent in the first instance in this country, is entitled to a seventeen years’ protection, but if he has previously obtained letters-patent in one or more foreign countries, then while not deprived of his right to a patent here, the term to which the law in such case limits his protection, is a period not extending beyond the date ox the expiration of that one of the foreign patents first expir *17 ing. That is the law; whether it be wise or unwise is something with which we have nothing to do. It is .a matter of legislative discretion, and not a question for this court. All that concerns us is the compatibility of the statutes, and we think they are perfectly so. The lay? makers were legislating in regard to different conditions of the same subject, and they have made the law clear and express, and neither we nor the Commissioner of Patents can disregard it.
Even, therefore, were the proper parties before us, with the case as made out, we should discharge this rule, and it is so ordered.